**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT D. BONILLA, JR., <br><br> Petitioner, <br><br> v. <br><br> GISELLE MATTESON, <br><br> Respondent. | Case No.: 1:20-cv-0806 JLT HBK (HC) <br><br> ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY <br><br> (Doc. 24) |

Robert D. Bonilla, Jr. is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Petitioner was convicted, by a jury, of battery causing serious bodily injury and assault by means likely to produce great bodily injury. (*Id.* at 11; Doc. 15 at 6.) The jury also determined the offenses were "committed for the benefit of, at the direction of, or in association with a criminal street gang." (*Id.* at 8; *see also* Doc. 15 at 6.) Petitioner asserts the admission of certain evidence by the prosecution's gang expert at trial was hearsay and violated his Sixth Amendment right to confrontation. (*See* Doc. 1 at 20-41.)

On December 29, 2021, the assigned magistrate judge issued Findings and Recommendations on the Petition. (Doc. 24.) The magistrate judge noted that in a pre-trial motion, Petitioner "sought to preclude the testimony of Detective Fry"—the gang expert— arguing "his forthcoming testimony regarding Banks and Henderson constituted case-specific hearsay in violation of *Sanchez*," which indicated testimonial hearsay violated the confrontational clause "unless (1) there is a showing of

1

1   unavailability and (2) the defendant had a prior opportunity for cross-examination or forfeited that right
2   by wrongdoing." (*Id.*, at 13; *People v. Sanchez*, 63 Cal. 4th 665, 686 (2016).)  The magistrate judge
3   observed that in denying the pre-trial motion, the court found *Sanchez* "merely precludes experts from
4   specifics of relied upon hearsay that involves the case's specific fact which would be the facts or
5   circumstances of this case and/or defendant's involve[ment] in this case." (*Id.*, modification in
6   original.)  On direct appeal, the state appellate court evaluated whether Fry's statements were based on
7   hearsay and discussed the application of *Sanchez*. (*Id.* at 14-15.)  The magistrate judge found "that to
8   the extent Bonilla claims that the state appellate court's application of *Sanchez* was in error, his claim is
9   not cognizable on habeas review." (*Id.* at 16, citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).)
10  Further, the magistrate judge determined that "[t]o the extent Bonilla argues that the state court's
11  *Sanchez* decision violates clearly established federal law, his claim fails." (*Id.*, citing *Chavez v.*
12  *Sullivan*, 831 Fed. App'x. 234 (9th Cir. 2020); *Peters v. Arnold*, 765 Fed. App'x. 389, 390 (9th Cir.
13  2019); *Zavala v. Holland*, 809 Fed. App'x 370, 372 (9th Cir. 2020).)  Therefore, the magistrate judge
14  concluded Petitioner's "*Sanchez* claim is not cognizable on federal habeas review" and recommended it
15  be denied. (Doc. 24 at 17.)

16         The magistrate judge also found Petitioner failed to show a violation of his Sixth Amendment
17  right to confrontation based upon the admission of the gang expert's testimony. (Doc. 24 at 19-21.)
18  The magistrate judge determined "[t]he state appellate court correctly identified and applied *Crawford*,
19  which is the clearly established federal law applicable to confrontation claims involving hearsay." (*Id.*
20  at 21.)  The magistrate judge also found the record supports a conclusion that Fry "did not act as a
21  'conduit for admission of hearsay.'" (*Id.*, citing *U.S. v. Vera*, 770 F.3d 1232, 1239 (9th Cir. 2014);
22  *Smith v. Uribe*, 2016 U.S. Dist. LEXIS 38945, at *15 (C.D. Cal. Jan. 12, 2016).)  Consequently, the
23  magistrate judge determined Petitioner "has not demonstrated a violation of his Sixth Amendment
24  rights." (*Id.*)

25         Finally, the magistrate judge determined that even if Petitioner established a constitutional
26  violation based on hearsay, any error was harmless. (Doc. 24 at 25-26.)  The magistrate judge found
27  "[t]here was ample non-hearsay information upon which the jury could find that Henderson and Banks
28  were Northside Pleasant gang members." (*Id.* at 26.)  The magistrate judge thus determined Petitioner

"failed to show how Fry's testimony had a "substantial and injurious effect or influence in determining the jury's verdict." (*Id.*, quoting *Brecht v. Abrahamson*, 507 U.S. 619, 622 (1993).) For this reason as well, the magistrate judge recommended Petitioner "be denied any relief on his petition." (*Id.*) The magistrate judge also recommended the Court decline to issue a certificate of appealability because "Petitioner has not made a substantial showing of the denial of a constitutional right." (*Id.* at 27.)

On March 14, 2022, Petitioner filed objections and asserted,

> (1) the magistrate judge erred as a matter [of] law in ruling that Petitioner's Six[th] Amendment right to confrontation was not violated when the prosecution's gang expert [] relied on hearsay to establish predicate offenses triggering Petitioner's gang sentencing enhancement pursuant to Cal. Pen. Code § 186.22; and (2) in the event this Court adopts the magistrate judge's findings and recommendations, a certificate of appealability should be issued because the matter now before the Court is of first impression.

(Doc. 28 at 1-2.) According to Petitioner, his assertion of error is supported by recent decisions of California courts. (*Id.* at 3, citing *People v. Valencia*, 11 Cal. 5th 818 (2021); *People v. Runderson*, 2021 Cal. App. Unpub. LEXIS 6844 at *42-55, 2021 WL 5480683, at *18 (Nov. 22, 2021).) In *Valencia*, the court observed that "[u]nder the authority of [*Sanchez*], predicate offenses by gang members "may not be established solely by the testimony of an expert who has no personal knowledge of facts." *Valencia*, 11 Cal. 5th at 726. Following *Valencia*, the *Runderson* court found a confrontation clause violation occurred because the expert testified "about any supposed gang membership … not from personal knowledge but from police reports or field interviews." *Runderson*, 2021 WL 5480683, at *18.

Significantly, the cases cited by Petitioner indicated the testifying gang experts had *no* personal knowledge and the prosecution relied on hearsay to establish predicate offenses and gang membership. The same is not true here where the expert "testified that he had multiple personal contacts with Henderson, including arresting him several times," and "many of the contacts [between Fry and Henderson] occurred in Northside Pleasant territory." (Doc. 24 at 15, 20.) In addition, as the magistrate judge observed, "there was ample non-hearsay information upon which the jury could find that Henderson and Banks were Northside Pleasant gang members." (*Id.* at 26.) Thus, the Court finds Petitioner's reliance upon *Valencia* and *Runderson* is misplaced, and the decisions do not undermine the findings of the magistrate judge.

   Further, Petitioner fails to show this is a matter of first impression. As the magistrate judge observed, courts have addressed whether testimony from gang experts violates the confrontation clause. (*See* Doc. 25 at 19-20, citing *Hill v. Virga,* 588 F. App'x. 723, 724 (9th Cir. 2014) [affirming the denial of a petition for habeas corpus where the petitioner "argue[d] that his rights under the Confrontation Clause were violated by the admission of hearsay relied on by the state's expert witness"]; *Smith v. Uribe*, 2016 U.S. Dist. LEXIS 38945, 2016 WL 1165822 (C.D. Cal. Jan. 12, 2016) [denying a petition for writ of habeas corpus where the petitioner argued, in part, that the "[g]ang expert testimony based on inadmissible hearsay statements violated petitioner's rights under the Confrontation Clause"].)

   According to 28 U.S.C. § 636(b)(1)(C) and *Britt v. Simi Valley United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), this Court conducted a *de novo* review of this case. Having carefully reviewed the entire matter—including Petitioner's objections— the Court finds the Findings and Recommendations are supported by the record and proper analysis.

   A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his … part." *Miller-El*, 537 U.S. at 338.

   The Court finds that reasonable jurists would not find the Court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability. Based upon the foregoing, the Court **ORDERS**:

   1.  The Findings and Recommendations issued on December 29, 2021 (Doc. 24) are **ADOPTED** in full.

4

2. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

3. The Clerk of Court is directed to close the case.

4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **May 6, 2022**

_____
UNITED STATES DISTRICT JUDGE